[Civ. No. 5509. Second Appellate District, Division One.—May 22, 1928.]

CHARLES T. MATTOCKS, Respondent, v. CLASS A MOTOR COMPANY (a Corporation) et al., Appellants.

Brittan .& Brittan for Appellants.

Emmons & Aldrich for Respondent.

WOOD (W. J.), J., *pro tem.*—Plaintiff purchased a Buick automobile from the defendants on May 11, 1925, for which he paid them in cash the total sum of $925 and "turned in" another automobile for the agreed price of $500. He commenced this action for damages, alleging in his complaint that defendants had made false representations to him at the time of the purchase of the car. He set forth that defendants represented to him that the car was new and unused and in the condition that it was in when shipped by the manufacturer; that these representations were untrue, that the car had been repainted, a bow of the top broken, the upholstery torn, old tubes inserted in the casings and a radiator installed which was not designed for the car in question. Defendants filed an answer in which they denied that false representations were made. They alleged that the car had been "used as a demonstration car for the said defendants herein" and that plaintiff was informed of the true condition of the car at the time of the purchase. The case was tried with a jury and a verdict rendered in plaintiff's favor fixing the damages at $925. Upon motion for a new trial plaintiff consented to a reduction of the judgment to the sum of $725.

Defendants contend that "in a reading of all the transcript and all the testimony there cannot be found any

evidence, that plaintiff introduced, to show 'that said car was not a new car but that in truth and fact it was a used car.' '' A careful reading of their answer discloses that defendants did not deny the allegation that the car was not a new car. We find, however, that the answer contains this admission: ''That said automobile has (had) been used as a demonstration car for the said defendants herein.'' Sufficient evidence was introduced by plaintiff to establish all of his allegations on the subject of the defective condition of the car. It cannot be said that a car which has been used in making demonstrations to such an extent as to call for repainting is a new car.

█ The trial court gave the following instruction: ''You are instructed, therefore, that the following issues must be determined by you, to-wit: (1) Whether or not the said defendants represented and warranted to plaintiff, prior to or at the time of the purchase, that the car was a new or unused car. (2) Whether or not the plaintiff relied upon such representations and by reason of his reliance upon such representations purchased said car as a new one.'' It is now contended that some of the issues were not covered in this instruction, resulting in a violation of the rule that if an instruction purports to state the conditions necessary to a verdict, it must state all of those conditions. The instruction under discussion does not purport to cover all the issues; nor does it tell the jury to find in favor of either party in the event they should find any certain facts to be true. The rule mentioned is not violated.

In presenting their next point defendants state in their brief: '' . . . the court in advising the jury as to what facts the defendants have denied, very improperly omitted to advise the jury that we had denied that the car was a used car, while the court advised the jury that the plaintiff had 'offered evidence' to prove that the car was not a new car.'' As above pointed out, defendants did not deny in their answer that the car was a used car. On the contrary, the following appears therein: ''At said time plaintiff was told that said car had been repainted. . . . Said plaintiff was fully aware of the fact that said car was not in the same condition that it had been received by defendants from the factory.''

In its instructions to the jury the trial court used this language: "You are instructed that in this action the plaintiff in the case, Charles T. Mattocks, has offered evidence to establish the following matters." Then follows an enumeration of several points on which plaintiff introduced evidence. Defendants now contend that "the jury might assume that the evidence of plaintiff as offered would establish those facts set forth in the instruction, whether they actually did or not." While the form of the instruction is not to be commended, it cannot be said that it was inaccurate. The court in effect told the jury nothing more than that evidence had been offered on certain points. This was done for the purpose of stating the issues to the jury. It is not probable that the jury misunderstood the instruction.

It is contended that the evidence was insufficient to justify damages in the sum of $725. Plaintiff testified that the reasonable value of the car at the time he purchased it was "around six or seven hundred dollars." He paid $1,425 for it in cash and property. It cannot be said that the implied finding that the car was of the value of $700 at the time of its purchase is not sustained by the evidence.

Two sons of the plaintiff were with him at the time the car was purchased. Plaintiff testified that at the time of the trial they were ill in a county other than the one in which the trial was conducted. The court did not err in admitting this testimony. Section 2061 of the Code of Civil Procedure, makes it the duty of the court to instruct the jury on proper occasion "that evidence is to be estimated not only by its own intrinsic weight, but also according to the evidence which it is in the power of one side to produce and of the other to contradict." Plaintiff had the right to prove that the boys were unable to be present in order to answer the argument that might possibly be presented that he had the power to produce stronger evidence than he actually produced.

Defendants complain of the refusal of the trial court to give to the jury the following instruction: "You are instructed, that the plaintiff in this action cannot recover unless he was deceived by the alleged representations, and if the means of knowledge are at hand equally available to both parties, and the subject of purchase is alike available

to both parties, and the subject of the purchase is alike open to their inspection, if the purchaser does not avail himself of these means and opportunities he will not be heard to say he has been deceived, unless he was induced by the trick or misrepresentation of defendant not to make such inspection." The court did not err in refusing this instruction. It cannot be reasonably argued that "the means of knowledge" concerning the condition of the car were "equally available to both parties." Plaintiff had had no previous experience with the car, but defendants were familiar with its history and knew that it had been used for demonstration purposes and had been repainted. He could discover that old tubes had been placed within the casings only by removing the tires from the wheels. It would be unreasonable to require him to do so.

Defendants complain of the refusal of the trial court to give several other instructions. All the essential points of law governing the case were presented to the jury by the instructions given in a manner as favorable to defendants' contentions as they could rightfully demand. Moreover, the court was justified in refusing these instructions on the ground that certain correct statements of the law were coupled with statements which were clearly erroneous.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.